**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW HOPKINS, : | |
| : | Case No. _____ |
| Plaintiff, : | |
| : | JURY TRIAL DEMANDED |
| v. : | |
| : | **COMPLAINT FOR VIOLATION OF THE** |
| DAWSON GEOPHYSICAL COMPANY, : | **SECURITIES EXCHANGE ACT OF 1934** |
| STEPHEN C. JUMPER, CRAIG W. : | |
| COOPER, MICHAEL L. KLOFAS, TED R. : | |
| NORTH, and MARK A. VANDER PLOEG, : | |
| : | |
| Defendants. : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On October 25, 2021, Dawson Geophysical Company ("Dawson" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Wilks Brothers LLC ("Parent") and WB Acquisitions Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Dawson's outstanding common stock for $2.34 in cash per share. The Tender Offer is scheduled to expire on November 30, 2021.

3. On November 1, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Dawson common stock.

9. Defendant Dawson is a Texas corporation. Dawson's common stock is traded on the NASDAQ under the ticker symbol "DWSN."

10. Defendant Stephen C. Jumper is President, Chief Executive Officer, and Chairman of the Board of Directors of Dawson (the "Board").

11. Defendant Craig W. Cooper is a member of the Board.

12. Defendant Michael L. Klofas is a member of the Board.

13. Defendant Ted R. North is a member of the Board.

14. Defendant Mark A. Vander Ploeg is a member of the Board.

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. Dawson is a leading provider of North American onshore seismic data acquisition services with operations throughout the continental United States and Canada.

17. On October 25, 2021, Dawson entered into the Merger Agreement.

18. The press release announcing the Proposed Merger provides as follows:

Dawson Geophysical Company (NASDAQ: DWSN) ("Dawson" or the "Company") and Wilks Brothers, LLC ("Wilks") today announced that they have entered into a definitive merger agreement (the "Merger Agreement") pursuant to which a subsidiary of Wilks will commence on or before November 1, 2021 a tender offer to acquire all of the Company's outstanding common shares for $2.34 per share in cash (the "Offer"). Subject to the closing of the Offer, the merger agreement also contemplates that Wilks will acquire any Dawson shares that are not tendered into the Offer at the same price per share through a second-step merger, which will be completed as soon as practicable following the closing of the Offer, subject to the approval of at least 80% of the outstanding Dawson shares.

**Dawson Board of Directors Recommendation**

The Board of Directors of the Company is recommending that the Company's shareholders tender their shares in the Offer.

The Company's Board of Directors, with the assistance of the Company's financial advisor, Moelis & Company LLC, commenced an on-going review and analysis of the Company's potential strategic alternatives in mid-2019. During this same period, Company management commenced efforts to scale the Company to match the declining demand for its seismic services. In reaching its decision to enter into the transaction with Wilks, the board has thoroughly considered the potential strategic options available to Dawson, the current and long term prospects for the Company and the sector in which it operates, including the lack of meaningful and sustainable demand for seismic services, as well as an ongoing skilled labor shortage required to meet any potential increase in demand. Management believes that the Company's cash and other current assets will continue to decline even if the Company undertakes further right-sizing efforts relative to demand for the Company's services. The board believes that this transaction presents all Dawson shareholders with an opportunity to achieve liquidity for their shares at the Offer price, is the most optimal path forward and is in the best interest of the shareholders.

The Company's President and Chief Executive Officer, Stephen C. Jumper, said, "Given the limited trading liquidity in our stock, this transaction offers our shareholders compelling value for their shares and the ability to most efficiently realize that value. It also provides Dawson with financial flexibility otherwise not

available in the challenging environment in which the Company is currently operating. Our ability to withstand the continued volatile markets is enhanced with this partnership. The Wilks' entities have demonstrated a highly successful track-record and we believe they will be a strong, long-term partner for our employees and customers."

Additional information concerning the foregoing matters will be set forth in the Company's Solicitation/Recommendation Statement on Schedule 14D-9 to be filed with the Securities and Exchange Commission following the commencement of the Offer by Wilks.

**Tender Offer and Merger**

The transaction is not subject to a financing condition. The tender offer will be subject to customary conditions, including the tender of at least 80% of the outstanding shares of the Company pursuant to the Offer, which will be open for at least 20 business days following commencement (subject to mandatory extensions in certain circumstances). The Company and Wilks may mutually agree to permit closing of the Offer if less than 80% of the outstanding shares of the Company are tendered. Subject to the closing of the Offer, the Merger Agreement also contemplates that Wilks will acquire any shares of Dawson that are not tendered into the Offer through a second-step merger, which will be completed as soon as practicable following the closing of the Offer and will require approval of at least 80% of the outstanding shares of the Company. Subject to the closing of the Offer, the parties expect to complete the merger in the fourth quarter of 2021.

Moelis & Company LLC is serving as financial advisor to the Company and Baker Botts L.L.P. is serving as the Company's legal advisor.

19.    On November 1, 2021, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

20.    The Recommendation Statement fails to disclose material information regarding Dawson's financial projections, specifically: the line items underlying the financial projections.

21.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

4

Financial Analyses

22.     The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Moelis & Company LLC ("Moelis"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

23.     Regarding Moelis' Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values used by Moelis in the analysis; (ii) the inputs and assumptions underlying the discount rates used by Moelis in the analysis; and (iii) the net operating losses and estimates of tax savings used by Moelis in the analysis.

24.     Regarding Moelis' premiums paid analysis, the Recommendation Statement fails to disclose: (i) the transactions used by Moelis in the analysis; and (ii) the premiums paid in the transactions used by Moelis in the analysis.

Banker Engagement and Potential Conflicts of Interest

25.     The Recommendation Statement fails to disclose the monthly fees received by Moelis in connection with its engagement and for acting as a financial advisor to Dawson in connection with its review of various potential strategic and capital raising transactions.

26.     The Recommendation Statement also fails to disclose the timing and details of all discussions regarding post-Proposed Merger employment and benefits.

**COUNT I**

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

27.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

28. Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

29. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

30. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

31. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

32. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

33. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

35. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

36. Accordingly, defendants violated Section 14(e) of the Exchange Act.

37. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

41. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

42. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

43. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

44. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of

the Tender Offer.

45. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Dawson within the meaning of Section 20(a) of the Exchange Act as alleged herein.

48. Due to their positions as directors of Dawson and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

51. The Recommendation Statement contains the unanimous recommendation of the

Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

52. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

54. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

55. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: November 10, 2021

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*